William B. Brennan, Jr., J.
On December 23, 1960 this court granted a warrant of attachment against property of the defendant Kullman Dining Car Co., Inc., upon a showing not now controverted that said defendant is a foreign corporation and that this is an action for conversion seeking the recovery of a sum of money only (Civ. Prac. Act, § 902, § 903, subd. 1; Bank of N. Y. v. New Jersey Tit. Guar. Trust Co., 256 App. Div. 609). The papers also established the other formal requirements required for the issuance of a warrant.
Now, appearing specially, the said defendant moves to vacate the warrant and the levy thereunder “ upon the ground that at the time of the issuance of such warrant of attachment, there was no property within the State of New York belonging to said defendant.”
There is no statutory requirement that a defendant be shown to have property in the State before a warrant may issue nor does the moving party cite any authority so holding. Section 910 of the Civil Practice Act, specifying the contents of a warrant simply states that it ‘1 must require the sheriff to attach and safely keep, so much of the property or interest therein within his county, subject to attachment, which the defendant has, or which he may have, at any time before final judgment ’ ’. The very fact that the warrant must in terms permit a levy on property that a defendant may have at any time before final judgment negates the contention that a warrant may not issue unless there is in existence a leviable interest in the property when the warrant is issued.
Insofar as the motion seeks to vacate the levy on the theory that the Sheriff has levied upon property or an interest therein not owned by the moving defendant but by a third party, the claim must be asserted as provided in section 924 of the Civil Practice Act, by the third party and on notice to the Sheriff, among others. Certainly title will not be tried on this motion and the moving defendant may not assert the title of a third party as a basis for vacating the attachment or levy (Godbout v. Irwin, 273 App. Div. 1029; Barron v. Winchester Broadcasting Corp., 201 Misc. 586, 588).
The motion to vacate the warrant and the levy thereunder is therefore in all respects denied.
*507 The cross motion, for an order pursuant to section 919 of the Civil Practice Act directing the defendant Kullman to appear and be examined as to any interest it may have in property heretofore levied upon is denied. Section 919 of the Civil Practice Act is part of article 55 relating to the manner of executing a warrant of attachment. Section 917 provides the method of making a levy; section 918, the right of the Sheriff to apply to a third party for a certificate relating to the ownership of or interest in property of a defendant against whom a warrant has been issued; and section 919, for examination of a person to whom application is made as prescribed in section 918 and who refuses to give the certificate. A defendant against whom a warrant has been issued is not one of the persons enumerated of whom such a certificate may be demanded. The Sheriff recognized this and his letter of January 10, 1961 indicates that his only demand was made on the defendant Schwarz who for purposes of the warrant is in the position of a third party. Furthermore, section 919 may not be used to compel a personal appearance in this jurisdiction of a defendant who has not appeared generally in the action and who is not subject to personal service of process in this State.