■ MEADOW BROOK NATIONAL BANK, Respondent, v. SIDNEY MILLER, Appellant.— Order, entered on December 11, 1962, denying motion to dismiss complaint and vacate warrant of attachment, unanimously affirmed, without costs. No opinion. Order, entered on December 31, 1962, granting motion to punish for contempt for failure to appear for examination in aid of warrant of attachment, unanimously reversed, on the law, without costs, and the motion denied. The examination ordered was of the defendant, purportedly pursuant to section 919 of the Civil Practice Act. This section limits the right of examination to persons referred to in the preceding section, 918. This section refers exclusively to third persons holding property of the defendant and not to defendant himself. It follows that the examination ordered was without authority (*Empire State Collateral Co.* v. *Cassel Custards*, 29 Misc 2d 505). Concur—Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ ALEX KLEIN et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— Order, entered on October 13, 1961, denying motion to dismiss for lack of prosecution, unanimously reversed, on the law and the facts and as a matter of discretion, with $20 costs and disbursements to appellants, and the motions granted, with $10 costs. The action was at issue for 27 months and no steps were taken to place it on the calendar. Plaintiffs attempt to excuse this inordinate delay by a claim that they were awaiting a decision in the Court of Appeals. The decision referred to was in an unrelated case. Such a contention, even though credited, provides no excuse. Concur—Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ BERTHA SPIRA, Respondent, v. D. HARRIS 187TH ST. MARKET, INC., Appellant.— Order, entered on December 24, 1962, unanimously reversed on the law and on the facts, with $20 costs and disbursements to appellant, and the complaint dismissed with leave to the plaintiff to move to vacate the dismissal within 30 days of the entry of the order hereon, on proper papers, including an affidavit of merits, and upon the further condition that plaintiff consent to the transfer of the action to the Civil Court. In this personal injuries action, a motion to dismiss for failure to prosecute was made 18 months after issue was joined. Plaintiff's present attorney admits that no affirmative action had been taken to place the cause on the calendar. The excuse is offered that the plaintiff's original attorney was disbarred shortly after issue was joined, and that there was a period of six months in which the plaintiff was not represented, until present counsel was retained. Only an interval of approximately six months elapsed thereafter. While under these circumstances such an excuse might be considered a reasonable explanation for the delay, it has been repeatedly held that plaintiff's failure to furnish an affidavit of merits must lead to a dismissal of the action. (*Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867.) The attorney for the plaintiff states it is his view that the Civil Court has ample jurisdiction to compensate plaintiff for any injuries suffered and it is his intention, if he prevails, to seek permission for removal to that court. Accordingly, in view of the foregoing, the order is reversed upon the aforementioned conditions. Settle order on notice. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.