OPINION OF THE COURT
Edward H. Lehner, J.
The issue raised here is whether a defendant may be examined with respect to his assets in aid of an attachment pursuant to CPLR 6220.
Plaintiff moves (i) to confirm the order of attachment issued by Justice Stanley Ostrau, and (ii) for an order directing defendants Murray Wilson and Wall Street Imports, Ltd. (Wall Street) and nonparty Murwil Trading Corp. (Murwil) to appear for examination in aid of attachment pursuant to CPLR 6220.
The motion to confirm the order of attachment, pursuant to which plaintiff has levied upon only $104, is granted without objection.
*206 Plaintiff alleges that: it advanced $1,985,421 to Wall Street secured by accounts receivable; the invoices representing these receivables were false; Wall Street is controlled by Wilson who also controls Murwil; and the advances to Wall Street were funneled to Murwil. Plaintiff states that it seeks the examinations "so that it can determine what happened to the two million dollars advanced” to Wall Street.
Defendants assert that factored invoices were paid by checks of Murwil, a practice which had been followed for 3 Vi years, and that there has been no fraud. They assert that to grant plaintiff the requested depositions would deprive defendants of their normal statutory right to obtain priority of examination as this motion was made prior to the date by which defendants had to answer the complaint.
DISCUSSION
CPLR 6220 reads as follows: "Upon motion of any interested person, at any time after the granting of an order of attachment and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant.”
It is noted that this section provides that the court may order disclosure "by any person”. This is contrasted to the prior provisions of the Civil Practice Act, which by reason of the interplay of sections 917 through 919 thereof, did not authorize this type of examination of a defendant. (See, Meadow Brook Natl. Bank v Miller, 18 AD2d 1063 [1st Dept 1963]; Empire State Collateral Co. v Cassel Custards, 29 Misc 2d 505 [Sup Ct, Nassau County 1961].)
Also, the current statute does not, as did the Civil Practice Act, require as a prerequisite to an examination that a plaintiff demonstrate the inaccuracy of the certificate issued by the person upon whom the warrant of attachment was served. For prior law see, Bagarozy v Callas (3 AD2d 904 [1st Dept 1957]).
Commenting on the change effected by the adoption of the CPLR, it is stated in 7A Weinstein-Korn-Miller, New York Civil Practice that (¶ 6220.02): "Since an order is required, the defendant may be examined without waiting for the expiration of the time period provided by CPLR 3106 (a). The only limitation on the availability of an examination is that there must be a valid attachment outstanding at the time disclosure *207 is sought.” (See also, Siegel, NY Prac § 324; Michelsen v Brush, 233 F Supp 868 [ED NY 1964].)
Although it does not appear that there is any reported decision of a New York State court commenting on this issue since the adoption of the CPLR, the above-quoted conclusion appears to be a correct interpretation of the change effected by the enactment of CPLR 6220.
It is argued that to grant plaintiff these examinations would, in effect, be granting it the same rights with respect to ascertaining the location of assets to which it would be entitled if it had recovered a judgment. However, the existence of a valid order of attachment is a mandate for a Sheriff to levy upon assets of a party. So long as the order is outstanding and unsatisfied, a plaintiff is entitled to learn of assets to enable a Sheriff to seize sufficient property to comply with the order.
Accordingly, the branch of plaintiff’s motion seeking an examination of Wall Street, Murwil, and Murray Wilson in aid of attachment is granted, and they are directed to appear for examination pursuant to CPLR 6220 at a date and place designated by plaintiff.