■ COUNTY NATWEST SECURITIES CORP., USA, Appellant, v JESUP, JOSEPHTHAL & Co., INC., Also Known as SECURITIES SETTLEMENT CORPORATION, et al., Respondents.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on August 21, 1991, which denied petitioner's application for an order of attachment, unanimously reversed on the law, the facts and the exercise of discretion, the order of attachment granted, and plaintiff shall post an undertaking in the amount of $500 pursuant to CPLR 6212 (b), with costs and disbursements on the appeal.

In the underlying arbitration proceeding, petitioner County Natwest Securities Corp., USA (Natwest) is seeking to recover

$4,528,000 due it from respondent Securities Settlement Corporation (SSC) under a securities loan transaction. The Supreme Court, despite finding that Natwest was "likely, if not certain, to prevail on the merits against SSC", denied petitioner's application for an order of attachment. This was error. In that regard, CPLR 7502 (c) authorizes such an attachment in connection with an arbitrable controversy upon a showing that "the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." Since SSC is no longer actively functioning, has resigned its seat on the New York Stock Exchange and there is some indication that it has engaged in liquidating and transferring assets, there is certainly a high probability that it will be unable to meet any debts determined by the arbitrator to be owed to Natwest. As this court recently stated in *Habitations Ltd. v BKL Realty Sales Corp.* (160 AD2d 423, 424):

"We find that an improper standard was applied in deciding the motion. An application for an order of attachment in aid of arbitration is expressly governed by CPLR 7502 (c). That statute provides that the Supreme Court may enter the provisional remedies of an order of attachment or a preliminary injunction in connection with arbitration, 'but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply * * * except that the sole ground for the granting of the remedy shall be as stated above.'

"This court has held that the standard that governs in a case involving arbitration is whether the award 'may be rendered ineffectual without such provisional relief', and the standards generally applicable to attachments pursuant to CPLR 6201 (3), such as sinister maneuvers or fraudulent conduct, are not required to be shown in an application pursuant to CPLR 7502 (c). *(Drexel Burnham Lambert v Ruebsamen,* 139 AD2d 323, *lv denied* 73 NY2d 703.)"

Petitioner herein has clearly demonstrated the possibility, if not the likelihood, that absent the attachment being requested, the ultimate arbitration award would be severely compromised, and, indeed, both the Supreme Court and respondents recognize this fact but have mistakenly attempted to apply a stricter standard. Consequently, the attachment should have been granted. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Smith, JJ.