■ In the Matter of H. I. G. CAPITAL MANAGEMENT, INC., et al., Respondents-Appellants, v LOUIS LIGATOR et al., Appellants-

Respondents, et al., Respondent. [650 NYS2d 124] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about January 17, 1996, which enjoined respondents from transferring assets to the extent of $10,000,000, denied petitioners' motion for an attachment, and denied respondents' cross motion to stay arbitration and dismiss the proceeding, and order of the same court and Justice, entered August 12, 1996, which, *inter alia*, granted renewal of the preliminary injunction motion, and thereupon modified the preliminary injunction to the extent of reducing the amount restrained to $7,000,000, unanimously modified, on the law, to the extent of permanently staying the arbitration demanded by petitioner H. I. G. Capital, and otherwise affirmed, without costs.

Petitioner H. I. G. Capital is not a proper party to this proceeding to compel arbitration. If a signatory to an agreement is to be required to arbitrate with a nonsignatory party, the agreement must so provide in express language (*see, County of Onondaga v U.S. Sprint Communications Co.*, 192 AD2d 1108, 1109). The arbitration agreement at bar has no such language that would avail H. I. G. Capital.

The determination of the court was proper in all other respects. CPLR 7502 (c) governs provisional remedies in arbitration cases, and provides the courts with limited power to "entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." This is the sole applicable standard (*see, County Natwest Sec. Corp. USA v Jesup, Josephthal & Co.*, 180 AD2d 468), and we find that it was correctly applied. Even were standards of CPLR article 63 applicable, we would find that the relief granted was within the court's discretion. The uncontrolled disposal of respondents' assets, which might render an award ineffectual, presents the risk of irreparable harm (*see, Zonghetti v Jeromack*, 150 AD2d 561, 562). Although the burden of showing entitlement to a preliminary injunction *or* an attachment was satisfied (*see, Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 181), it was not an improvident exercise of discretion under the circumstances to refuse to invoke *both* CPLR 7502 (c) provisional remedies simultaneously. We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.