■ HENRI WINTER, Respondent, v LAURENCE M. BROWN et al., Appellants. [853 NYS2d 361]—

In 2000, the plaintiff and the defendants entered into an asset sale agreement (hereinafter the agreement) whereby the defendants agreed to purchase the assets of Marshall Granger

& Company, CPAs, P.C. (hereinafter the original Marshall Granger). Sometime after the execution of the agreement, the defendants' business name was changed from Mangini & Company, LLP, to Marshall Granger & Company, LLP (hereinafter the new Marshall Granger). The agreement provided, inter alia, that the plaintiff would be paid, over a period of six years, 20% of the net fees collected by the defendants from clients of the original Marshall Granger and from clients that were referred to the new Marshall Granger by clients of the original Marshall Granger. The total agreed-upon purchase price was to be in the sum of no less than $750,000. The agreement also provided for nonbinding arbitration in the event of a dispute involving the agreement.

In late 2006, the plaintiff commenced this breach of contract action against the defendants alleging, inter alia, that they failed to pay him the amounts to which he was entitled under the agreement. He simultaneously filed and served an order to show cause, seeking preliminary injunctive relief against the defendants preventing them from disposing of certain funds during the pendency of the action. On December 1, 2006, the Supreme Court executed the order to show cause, which included a temporary restraining order prohibiting the defendants from, among other things, controlling, transferring, distributing, or disposing of certain identified funds. The defendants cross-moved to compel arbitration and to stay the action pending arbitration. The Supreme Court conducted a hearing on both the motion and the cross motion, which resulted in two orders, both entered January 31, 2007. In one of the orders, the Supreme Court granted that branch of the defendants' cross motion which was to compel arbitration, but denied that branch of their cross motion which was to stay the action pending arbitration. In the second order, the Supreme Court granted that branch of the plaintiff's motion which was for a preliminary injunction, to the extent of indefinitely continuing the temporary restraining order. The defendants appeal from both orders.

While the appeals were pending, the parties proceeded to arbitration, and a final award was made on August 13, 2007. Thus, the appeal from so much of the first order entered January 31, 2007, as denied that branch of the defendants' motion which was for a stay of the action pending arbitration has been rendered academic.

With respect to the second order entered January 31, 2007, pursuant to CPLR 7502 (c), the Supreme Court may grant a preliminary injunction "in connection with an arbitration that

is pending or that is to be commenced inside or outside this state," but such relief may be granted "only upon the ground that the [arbitration] award to which the applicant may be entitled may be rendered ineffectual without such provisional relief" (CPLR 7502 [c]). A party seeking relief under this provision must also make a showing of the traditional equitable criteria for the granting of temporary relief under CPLR article 63 (*see Matter of K.W.F. Realty Corp. v Kaufman,* 16 AD3d 688, 689-690 [2005]). A party may obtain temporary injunctive relief only upon a demonstration of (1) irreparable injury absent the grant of such relief, (2) a likelihood of success on the merits, and (3) a balancing of the equities in that party's favor (*see W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]; *New York City Off-Track Betting Corp. v New York Racing Assn.,* 250 AD2d 437, 441 [1998]).

Here, neither the plaintiff's motion papers nor his hearing testimony established his entitlement to injunctive relief under CPLR 6301. Moreover, the plaintiff failed to demonstrate that the arbitration award to which he may be entitled would be rendered ineffectual without the grant of provisional relief. While the plaintiff argued that he was entitled to injunctive relief because he had a vested interest under the agreement in 20% of the net fees generated from the clients of the original Marshall Granger, as well as from clients who were referred by them, that money was not part of any specific res or fund which could rightly be regarded as the "subject of the action" (*see* CPLR 6301; *Credit Agricole Indosuez v Rossiyskiy Kredit Bank,* 94 NY2d 541, 548 [2000]; *Coby Group, LLC v Hasenfeld,* 46 AD3d 593 [2007]). Accordingly, the Supreme Court erred in continuing the temporary restraining order issued upon the plaintiff's order to show cause.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.