Gische, J. (dissenting).
I respectfully dissent and would affirm the order and judgment of the motion court. The court properly exercised its discretion in granting petitioner’s motion for injunctive relief in aid of arbitration, enjoining respondents from terminating or revoking the release time previously issued to the individual petitioners pursuant to New York City Executive Order No. 75 of 1973 (EO 75) (see CPLR 7502 [c]; Kaly *6 anaram v New York Inst. of Tech., 63 AD3d 435, 435 [1st Dept 2009]; see Matter of H.I.G. Capital Mgt. v Ligator, 233 AD2d 270 [1st Dept 1996]). Petitioners met their burden of demonstrating that were they to prevail on their grievance at arbitration, any award in their favor would be rendered ineffectual without such provisional relief (CPLR 7502 [c]). The motion court also found that under article 63 of the CPLR, petitioners had shown a “likelihood of success on the merits, irreparable injury in [the] absence of such relief and a balancing of the equities in [their] favor” (Kalyanaram v New York Inst. of Tech., 63 AD3d 435, 435 [2009], supra; see Matter of H.I.G. Capital Mgt. v Ligator, 233 AD2d 270 [1996], supra; see also CPLR 6301 et seq.).
On the merits, petitioner made a sufficient showing that the purpose of EO 75 is to provide standardized time and leave policies, practices and guidelines for City employees who serve as designated union representatives. Although EO 75 § 4 (4) allows the City’s Office of Labor Relations (OLR) to suspend or terminate any employee who engages in “excluded activity,” which is defined as “[organizing, planning, directing, or participating in any way in strikes, work stoppages, or job actions of any kind,” and EO 75 § 4 (10) further requires that employees who are granted leave without pay “conduct themselves in a responsible manner,” there is no language in EO 75 that would specifically allow the City to revoke any certificates previously granted in a situation where, as here, the employee has been charged with committing a crime. Both parties present strong arguments on the law. However, the issue of whether the City can unilaterally revoke its previous grant of release time to these three officers, who have pleaded not guilty to charges that they were involved in a ticket fixing scheme, is the very issue of the grievance that is the subject of arbitration. Contrary to the City’s arguments, the motion court did not decide the merits of the grievance.
I differ with the majority to the extent that it interprets EO 75 § 4 (10) on this appeal. By interpreting this provision, the majority has resolved the very issue that is the subject of the grievance yet to be arbitrated. A party seeking a preliminary injunction does not have to provide conclusive proof of its ultimate right to such relief, and a preliminary injunction can, in the court’s discretion, be issued where the right to the ultimate relief sought is disputed (see Datwani v Datwani, 102 AD3d 616 [1st Dept 2013]).
*7 The motion court did not abuse its discretion and we should not reverse. The motion court only decided that petitioners had satisfied the requirements of CPLR article 75 and article 63 and that a preliminary injunction in aid of arbitration was warranted to maintain the status quo until the ultimate issue was decided by the arbitrator. Contrary to the City’s arguments, the status quo was that the individual petitioners had certificates of release time which allowed them to appear on behalf of the PBA as union representatives. The petitioners could not have sought relief from the court until the City had already acted by revoking those certificates.
Petitioners also showed that they would suffer irreparable harm without the preliminary injunction. The individual petitioners are officers who were designated by their union to act on behalf of its members. The City’s offer, to allow the petitioners to substitute different representatives for the union and grant them release time for that purpose, does not ameliorate the harm because the union’s chosen representatives are not fungible.
Petitioners also showed that the equities tip in their favor. Although agency heads must coordinate with the OLR in establishing reasonable limits on the number and titles of employees who spend their time on labor-related/union activities, EO 75 does not otherwise erode the independence of the unions in the administration of union matters.
Andrias, DeGrasse and Manzanet-Daniels, JJ., concur; Tom, J.P, and Gische, J., dissent in a separate opinion by Gische, J.
Order and judgment (one paper), Supreme Court, New York County, entered December 30, 2011, reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding dismissed.