■ In the Matter of Mermaid Marine, Ltd., Appellant, v Maritime Capital Management Partners, Ltd., Respondent. [46 NYS3d 780]—

Order and judgment (one paper), Supreme Court, New York County (Carol Edmead, J.), entered November 6, 2015, which denied the petition for an order of attachment and an order

compelling a representative of respondent to submit to a deposition, and dismissed the proceeding brought pursuant to CPLR article 75; and order, same court and Justice, entered October 30, 2015, which, upon reargument and renewal of the petition, adhered to the original determination, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in denying the petition for an order of attachment (*VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49, 59 [1st Dept 2013]). Petitioner did not meet its burden of demonstrating that the arbitration award sought may be rendered ineffectual without an order of attachment (CPLR 7502 [c]; *Matter of Kadish v First Midwest Sec., Inc.*, 115 AD3d 445, 445 [1st Dept 2014]). In particular, petitioner has not shown through admissible evidence that respondent would be financially unable to pay the arbitration award or would undertake deceptive actions to avoid paying it, if one were rendered. Accordingly, an order of attachment for respondent's assets is inappropriate.

Petitioner has not shown the "necessity" for court-ordered discovery of respondent's assets at this time (*International Components Corp. v Klaiber*, 54 AD2d 550, 551 [1st Dept 1976]; *see also JPMorgan Chase Bank v Reibestein*, 34 AD3d 308, 309 [1st Dept 2006]). Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.