Matter of Qwil PBC v Landow (2020 NY Slip Op 01295)





Matter of Qwil PBC v Landow


2020 NY Slip Op 01295


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


653605/19 -11119NA 11119N

[*1] In re Qwil PBC, et al., Petitioners-Respondents,
v
Jonathan Landow, et al., Respondents-Appellants.


GordonLaw LLP, Katonah (Michael R. Gordon of counsel), for appellants.
Goodwin Proctor LLP, New York (Meghan K. Spillane of counsel), for Qwil PBC, respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 15, 2019, which granted the petition for an order of pre-arbitration attachment and ordered the parties to proceed to arbitration, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 22, 2019, which modified the order of attachment beyond the five accounts listed in its original order, unanimously dismissed, without costs. Order, same court and Justice, entered August 2, 2019, which granted pre-arbitration discovery, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion when it issued the July 15 attachment. An order of attachment is left to the discretion of the motion court (see J.V.W. Inv. Ltd. v Kelleher, 41 AD3d 233, 234 [1st Dept 2007]). Petitioners met their burden of showing that "the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief" (CPLR 7502(c); Matter of Mermaid Mar., Ltd. v Maritime Capital Mgt. Partners, Ltd., 147 AD3d 498, 499 [1st Dept 2017]). Petitioners' website contained a button to create an account, and directly under that button was a disclaimer which stated that, "by registering your practice account, you agree to our terms of service, . . . and the Qwil products and services agreement," sufficiently informed respondents of the binding arbitration provisions contained within petitioner's agreements (see Fteja v Facebook, 841 F Supp 2d 829, 840 [SD NY 2012]). Petitioners demonstrated that "absent the attachment being requested, the ultimate arbitration award would be severely compromised" (County Natwest Sec. Corp., USA v Jesup, Josephthal & Co., 180 AD2d 468, 469 [1st Dept 1992]), based on evidence of a significant balance due, the fact that respondents had cut off petitioners' ability to access their accounts, discontinued the distribution of arbitration proceeds to Enter, and moved funds out of the Landow Entities' accounts at Chase Bank into other accounts.
With respect to the August 2 discovery order, while no formal notice was made, the need for further discovery was raised at the parties July 29, 2019 hearing, and was indisputably discussed at the August 1, 2019 telephonic conference, which did not deprive the Landow Entities of their due process rights (see Matter of Keisha Gabriel S. v Alphonso S., 100 AD3d 449 [1st Dept 2012]). The August 2 discovery order was correctly issued in contemplation of two pending motions - petitioners' contempt motion and respondents' July 29 order to show cause, as the court may order "disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing" (CPLR 6220; Heller Fin. v Wall St. Imports, 140 Misc 2d 205, 206 [Sup Ct, NY County 1988]). Because the July 29 order to show cause, by which respondents challenged the July 22 supplemental order, remains pending, consideration of this order is premature, and the appeal therefrom is dismissed without prejudice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK