## AKF Inc. v Louisa Ridge Adult Day Servs., Inc.

2024 NY Slip Op 32848(U)

August 13, 2024

Supreme Court, New York County

Docket Number: Index No. 653893/2023

Judge: Shahabuddeen Abid Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. SHAHABUDDEEN ABID ALLY__ PART 16TR
*Justice*

| | |
|---|---|
| AKF INC. d/b/a FUNDKITE, | INDEX NO. 653893/2023 |
| Petitioner, | MOTION DATE 6/13/2024 |
| | MOTION SEQ. NO. 001 |
| -against- | |
| LOUISA RIDGE ADULT DAY SERVICES, INC. d/b/a LOUISA RIDGE ADULT DAY SERVICES, FRANCINE RENEE OSBY, and ARICKA LATOYA WALKER, | **DECISION & ORDER** |
| Respondents. | |

The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **ARTICLE 75 (INJUNCTION IN AID OF ARBITRATION)**: 1-10, 12, 16-23

In this proceeding pursuant to CPLR § 7502(c), petitioner moves by Order to Show Cause ("OSC") for a preliminary injunction in aid of arbitration to restrain the respondents' bank accounts pending an award in an underlying arbitration proceeding, which was initiated on September 15, 2023, shortly after the Court signed the OSC. Although respondents have not appeared in this proceeding or filed opposition, the Verified Petition and OSC are **DENIED** for the reasons set forth below.

In a written Revenue Purchase Agreement, dated March 21, 2023 (the "RPA"), the parties agreed to enter into a nonrecourse cash advance transaction whereby respondent LOUISA RIDGE ADULT DAY SERVICES, INC. d/b/a LOUISA RIDGE ADULT DAY SERVICES ("Louisa Ridge") agreed to sell $227,172.00 of its future receipts to petitioner in exchange for an upfront lump-sum payment of $172,100.00 less fees and costs. (NYSCEF Doc. 2) The other respondents are guarantors on the RPA. (*See id.*) The RPA contains a provision providing for arbitration of disputes with Mediation and Civil Arbitration, Inc. ("MCA") or, if unavailable, JAMS. (*Id.* ¶ 4.14)

653893/2023 AKF Inc. d/b/a/ Fundkite v. Louisa Ridge Adult Day Services Inc. et al. Page 1 of 5
Mot. Seq. No. 1

The RPA provided for a weekly "delivery" amount of $4,732.75 from Louisa Ridge's receipts via an automatic debit from its designated bank, with a monthly reconciliation. The designated bank account was held with JPMorgan Chase Bank ("Chase").

Petitioner alleges that, beginning on August 4, 2023, Louisa Ridge's scheduled weekly debit of receipts from Chase was declined because the bank had stopped payment. Petitioner further asserts that Louisa Ridge did not inform petitioner whether the bank account had been closed or otherwise attempt to demonstrate any supposed downturn in the amount of its weekly receipts, as would have been permitted under the RPA. Petitioner alleges generally that "there is no reason for a merchant to refuse to deliver their share of Receipts or block Fundkite's access to the Designated Account, unless the Merchant has no intention of complying with the RPA," and that "it has been Fundkite's experience that merchants who refuse to deliver their share of Receipts attempt to avoid collection by removing all funds from the Designated Account." (NYSCEF Doc. 1, ¶¶ 35, 37)

Petitioner commenced this proceeding on August 11, 2023. By signing the initiatory OSC, the Court temporarily restrained Chase from transferring money out of any of respondents' bank accounts that were maintained with it. Petitioner thereafter properly served respondents in accordance with the method to which they consented in the RPA.

On September 15, 2023, petitioner filed a Demand for Arbitration with MCA seeking $183,245.45, inclusive of interest, attorney's fees, and costs. (NYSCEF Docs. 16-17)

CPLR § 7502(c) provides, in relevant part:

> The supreme court . . . may entertain an application . . . for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced inside or outside this state . . . but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of article 62 and 63 of this chapter shall apply to this application . . . .

To be entitled to an injunction under § 7502(c), the First Department requires both a showing that the arbitration award could be rendered ineffectual as well as a showing of satisfaction of the three elements for injunctive relief pursuant to CPLR § 6301, namely, (1) likelihood of success on the merits, (2) irreparable injury in the absence of the injunction, and (3) a balance of equities in favor of the moving party. *Patrolmen's Benevolent Ass'n of the City of N.Y., Inc. v. City of N.Y.*, 112

653893/2023 AKF Inc. d/b/a/ Fundkite v. Louisa Ridge Adult Day Services Inc. et al.          Page 2 of 5
Mot. Seq. No. 1

2 of 5

[* 2]

A.D.3d 116, 118 (1st Dep't 2013); *see also, e.g., Conlon Holdings LLC v. Chanos & Company LP*, No. 154908/2024, 2024 WL 3659592, at *3 (N.Y. Sup. Ct. N.Y. Cty. Aug. 1, 2024); *AKF, Inc. v. Windows & Beyond Interiors, LLC*, No. 653110/2023, 2023 WL 8570844, at *2 (N.Y. Sup. Ct. N.Y. Cty. Dec. 11, 2023); *accord Winter v. Brown*, 49 A.D.3d 526, 529 (2d Dep't 2008) ("A party seeking relief under [§ 7502(c)] must also make a showing of the traditional equitable criteria for the granting of temporary relief under CPLR article 63.").

Here, petitioner fails to demonstrate any irreparable injury, the second prerequisite for equitable injunctive relief. Petitioner alleges nothing more than monetary damages. It does not allege or establish that the money that it seeks is "part of any specific *res* or fund which could rightly be regarded as the 'subject of the action.'" *Int'l Legal Consulting Ltd. v. Malabu Oil & Gas Ltd.*, 35 Misc. 3d 1203(A), at *9 (N.Y. Sup. Ct. N.Y. Cty. Mar. 15, 2012) (quoting *Winter*, 49 A.D.3d at 529)). Nor does it allege or establish that respondents have no other assets that could be seized or levied upon to satisfy a judgment. It is well settled that damages that are fully compensable by monetary relief, as petitioner's damages are here, do not constitute irreparable harm and are insufficient to support the granting of injunctive relief. *Credit Agricole Indosuez v. Rossiyskiy Kredit Bank*, 94 N.Y.2d 541, 544-46 (2000); *Kazantzis v. Cascade Funding RM1 Acquisitions Grantor Trust*, 217 A.D.3d 410, 412 (1st Dep't 2023); *Noyack Med. Partners, LLC v. OSK IX, LLC*, 206 A.D.3d 429, 430 (1st Dep't 2022); *Conlon Holdings*, 2024 WL 3659592, at *6; *AKF*, 2023 WL 8570844, at *2. Petitioner "simply seeks to ensure that an arbitration award in its favor would be recoverable, which is not an adequate basis for prejudgment equitable relief." *AKF*, 2023 WL 8570844, at *2 (citing *Credit Agricole*, 94 N.Y.2d at 548).

The cases on which petitioner relies are distinguishable. *H.I.G. Capital Management, Inc. v. Ligator*, 233 A.D.2d 270 (1st Dep't 1996), and *County Natwest Securities Corp. USA v. Jesup, Josephthal & Co., Inc.*, 180 A.D.2d 468 (1st Dep't 1992), both pre-date *Patrolmen's Benevolent Association*, 112 A.D.3d 116, and *Winter*, 49 A.D.3d 526, in which the First and Second Departments, respectively, required a petitioner under § 7502(c) to also demonstrate the three elements for injunctive relief pursuant to CPLR § 6301. *Qwil PBC v. Landow*, 180 A.D.3d 593 (1st Dep't 2020), is distinguishable on factual grounds and has been so distinguished in the same context by multiple other trial courts. *E.g., AKF Inc. v. Wagers Trailer Sales, Inc.*, No. 651522/2024, 2024 WL 2175499, at * 1 (N.Y. Sup. Ct. N.Y. Cty. May 10, 2024); *AKF Inc. v. OBI Bus., L.L.C.*, No. 656339/2023, 2024 WL 1162764,

653893/2023 AKF Inc. d/b/a/ Fundkite v. Louisa Ridge Adult Day Services Inc. et al.
Mot. Seq. No. 1

Page 3 of 5

[* 3]

3 of 5

at *1 (N.Y. Sup. Ct. N.Y. Cty. Mar. 12, 2024); *AKF, Inc. v. Mgmt. & Org. Support Servs., LLC*, No. 652737/2023, at *1 (N.Y. Sup. Ct. N.Y. Cty. June 30, 2023). Finally, the numerous signed OSCs from other proceedings in which trial courts granted temporary restraining orders do not indicate whether those courts ultimately granted preliminary injunctive relief and on what grounds and thus are not persuasive.

A preliminary injunction in aid of arbitration should not be granted here for the additional reason that petitioner has failed establish that this Court has jurisdiction over respondents' bank accounts. *See AKF*, 2023 WL 8570844, at *2 (declining to attach respondent bank accounts because petitioner did not establish that respondents maintained accounts at a branch located within New York); *AKF, Inc. v. SLK Song, LLC*, No. 654980/2023, 2024 WL 2420140, at *1 (N.Y. Sup. Ct. N.Y. Cty. May 17, 2024) ("In any event, the granting of a preliminary injunction would have been improper . . . [because] the court lacked jurisdiction over the out-of-state banks that AKF sought to restrain."). Here, petitioner's submissions demonstrate that all of the parties are Ohio residents. Further, the OSC demonstrates that Chase was to be served in Indiana. None of petitioner's submissions demonstrates that Chase conducts any relevant business in New York or that respondents maintain bank accounts at a New York branch of Chase, or that respondents maintain accounts at any other banking institutions over which this Court could exercise jurisdiction.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the Verified Petition and motion (Seq. No. 1) are **DENIED**, and this proceeding is **DISMISSED**; and it is further

**ORDERED** that the temporary restraining order set forth in the signed OSC, dated and entered August 15, 2023, is **VACATED** and **DISSOLVED**; and it is further

**ORDERED** that petitioner shall serve a copy of this Decision and Order upon respondents, JPMorgan Chase Bank, and the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

653893/2023 AKF Inc. d/b/a/ Fundkite v. Louisa Ridge Adult Day Services Inc. et al.    Page 4 of 5
Mot. Seq. No. 1

[* 4]                                          4 of 5

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequence 1 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

| August 13, 2024 | | | | SHAHABUDDEN ABID ALLY, A.J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| APPLICATION: | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | SUBMIT ORDER | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

653893/2023 AKF Inc. d/b/a/ Fundkite v. Louisa Ridge Adult Day Services Inc. et al.          Page 5 of 5
Mot. Seq. No. 1