| AKF Inc. v Hog Wild Gulf Shores, LLC |
|:---:|
| 2024 NY Slip Op 32851(U) |
| August 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656005/2023 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. SHAHABUDDEEN ABID ALLY</u>         PART 16TR
_Justice_

| | |
|---|---|
| AKF INC. d/b/a FUNDKITE, | |
| Petitioner, | |
| -against- | |
| HOG WILD GULF SHORES, LLC d/b/a HOG WILD BEACH & BBQ/HOG WILD BBQ, THURMAN JAMES ALLEN, and ALLEN WATERSPORTS, LLC, | |
| Respondents. | |

| | |
|---|---|
| INDEX NO. | 656005/2023 |
| MOTION DATES | 6/18/2024 |
| | 7/11/2024 |
| MOTION SEQ. NO. | 001 & 002 |

## DECISION & ORDER

The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **ARTICLE 75 (INJUNCTION IN AID OF ARBITRATION):** 1-10, 12, 14-20

The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 2) to/for **ARTICLE 75 (CONFIRM AWARD):** 21-32

This is a proceeding pursuant to CPLR §§ 7502(c) and 7510.[1] Petitioner first moved by Order to Show Cause ("OSC"), filed on December 1, 2023, for a preliminary injunction in aid of arbitration, pursuant to CPLR § 7502(c), to restrain respondents' bank accounts pending an award in an underlying arbitration proceeding, which was initiated on December 22, 2023, shortly after the Court signed the OSC. Now that the final arbitration award has been issued, petitioner moves by Notice of Motion, dated June 6, 2024, for an order, pursuant to CPLR § 7510, confirming the award in petitioner's favor. Respondents have neither appeared in this proceeding nor filed opposition to the motions. Both motions are consolidated herein for purposes of disposition. For the reasons set forth below, petitioner's motion seeking confirmation of the award (Seq. No. 2) is **GRANTED**, and petitioner's motion seeking a preliminary injunction in aid of arbitration (Seq. No. 1) is **DENIED**.

---

[1] In the Notice of Motion, petitioner states that the motion is pursuant to CPLR § 3215. But § 3215 concerns the entry of default judgment, not the confirmation of an arbitration award. Because petitioner's papers clearly seek confirmation of an arbitration award and apply the correct standards, however, the Court deems the motion as one made pursuant to CPLR § 7510.

**656005/2023 AKF Inc. d/b/a/ Fundkite v. Hog Wild Gulf Shores, LLC et al.**                    **Page 1 of 6**
**Mot. Seq. Nos. 1 & 2**

In a written Revenue Purchase Agreement, dated August 22, 2023 (the "RPA"), the parties agreed to enter into a nonrecourse cash advance transaction whereby respondent HOG WILD GULF SHORES, LLC d/b/a HOG WILD BEACH & BBQ/HOG WILD BBQ ("Hog Wild") agreed to sell $156,100 of its future receipts to petitioner in exchange for an upfront lump-sum payment of $111,500 less fees and costs. (NYSCEF Doc. 2) The other respondents are guarantors on the RPA. (*See id.*) The RPA contains a provision providing for arbitration of disputes with Mediation and Civil Arbitration, Inc. ("MCA") or JAMS. (*Id.* ¶ 4.14)

The RPA provides for a daily "delivery" amount of $929.17 from Hog Wild's receipts via an automatic debit from its designated bank, with a monthly reconciliation.[2] The designated bank account is held with Regions Bank.

Petitioner alleges that, beginning on November 13, 2023, Hog Wild's scheduled daily debit of receipts from Regions Bank was declined because the bank had stopped payment. Petitioner further asserts that Hog Wild did not inform petitioner whether the bank account had been closed or otherwise attempt to demonstrate any supposed downturn in the amount of Hog Wild's daily receipts, as would have been permitted under the RPA. Petitioner alleges generally that "there is no reason for a merchant to refuse to deliver their share of Receipts or block Fundkite's access to the Designated Account, unless the Merchant has no intention of complying with the RPA," and that "it has been Fundkite's experience that merchants who refuse to deliver their share of Receipts attempt to avoid collection by removing all funds from the Designated Account." (NYSCEF Doc. 1, ¶¶ 36, 38)

Petitioner commenced this proceeding on December 1, 2023. By signing the initiatory OSC, the Court temporarily restrained Regions Bank from transferring money out of any of respondents' bank accounts that were maintained with it. Petitioner thereafter properly served respondents in accordance with the method to which they consented in the RPA.

On December 22, 2023, petitioner filed a Demand for Arbitration with MCA seeking $155,937.12, inclusive of interest, attorney's fees, and costs. (NYSCEF Docs. 16-17) On April 24,

---

[2] In the Verified Petition, petitioner states that the debit schedule was weekly, but the RPA clearly states that it is daily. (NYSCEF Doc. 2 at 2-3 ("SELLER has elected to have BUYER debit the Initial Estimated Delivery Amount Daily, therefore SELLER shall deliver Receipts each weekday, Monday and Friday."))

2024, the MCA arbitrator issued a Final Arbitration Award in petitioner's favor in the amount of $128,164.70, inclusive of costs. (NYSCEF Doc. 30)

CPLR § 7510 provides that a court shall confirm an arbitration award upon application of a party made within one year following the award unless the award is vacated or modified in accordance with CPLR § 7511. Confirmation shall be summarily granted unless vacatur or modification is raised by a party or petitioner's application is untimely. *Bernstein Family Ltd. P'ship v. Sovereign Partners L.P.*, 66 A.D.3d 1 (1st Dep't 2009).

Here, petitioner's application is timely and was properly served upon respondents pursuant to the method agreed upon in the RPA. The award has not been vacated or modified, and the time in which respondents may move to do so has expired. *See* CPLR § 7511(a) ("An application to vacate or modify an award may be made by a party within ninety days after its delivery to him."). Respondents have neither appeared in this proceeding nor opposed petitioner's application. Therefore, the Court confirms the Final Arbitration Award and directs that judgment be entered in petitioner's favor upon the award.

As for petitioner's application for equitable injunctive relief, CPLR § 7502(c) provides, in relevant part:

> The supreme court . . . may entertain an application . . . for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced inside or outside this state . . . but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of article 62 and 63 of this chapter shall apply to this application . . . .

To be entitled to an injunction under § 7502(c), the First Department requires both a showing that the arbitration award could be rendered ineffectual as well as a showing of satisfaction of the three elements for injunctive relief pursuant to CPLR § 6301, namely, (1) likelihood of success on the merits, (2) irreparable injury in the absence of the injunction, and (3) a balance of equities in favor of the moving party. *Patrolmen's Benevolent Ass'n of the City of N.Y., Inc. v. City of N.Y.*, 112 A.D.3d 116, 118 (1st Dep't 2013); *see also, e.g., Conlon Holdings LLC v. Chanos & Company LP*, No. 154908/2024, 2024 WL 3659592, at *3 (N.Y. Sup. Ct. N.Y. Cty. Aug. 1, 2024); *AKF, Inc. v. Windows & Beyond Interiors, LLC*, No. 653110/2023, 2023 WL 8570844, at *2 (N.Y. Sup. Ct. N.Y. Cty. Dec. 11, 2023) [hereinafter *AKF I*]; *accord Winter v. Brown*, 49 A.D.3d 526, 529 (2d Dep't 2008) ("A party

656005/2023 AKF Inc. d/b/a/ Fundkite v. Hog Wild Gulf Shores, LLC et al.
Mot. Seq. Nos. 1 & 2

Page 3 of 6

[* 3]

3 of 6

seeking relief under [§ 7502(c)] must also make a showing of the traditional equitable criteria for the granting of temporary relief under CPLR article 63.").

Initially, petitioner's application is rendered moot by the issuance of the Final Arbitration Award. *See AKF, Inc. v. SLK Song, LLC*, No. 654980/2023, 2024 WL 2420140, at *1 (N.Y. Sup. Ct. N.Y. Cty. May 17, 2024) [hereinafter *AKF II*] ("Since the arbitration has been completed, and AKF has obtained all of the relief that it sought therein, there is no longer a basis for granting relief in aid of the arbitration, and the petition must be denied as academic."). CPLR § 7502(c) expressly allows a court to issue a preliminary injunction in aid of an arbitration "that is pending or that is to be commenced." Further, petitioner's Verified Petition itself sought a preliminary injunction "pending the resolution of the parties' arbitration." (Dkt. No. 1, ¶ 1 & p. 10) The subject arbitration is no longer "pending" because a final award has been issued.

Even if the Court has authority under CPLR § 7502(c) to issue a preliminary injunction after the subject arbitration has concluded, petitioner fails to demonstrate any irreparable injury. Petitioner alleges nothing more than monetary damages. It does not allege or establish that the money that it seeks is "part of any specific *res* or fund which could rightly be regarded as the 'subject of the action.'" *Int'l Legal Consulting Ltd. v. Malabu Oil & Gas Ltd.*, 35 Misc. 3d 1203(A), at *9 (N.Y. Sup. Ct. N.Y. Cty. Mar. 15, 2012) (quoting *Winter*, 49 A.D.3d at 529)). Nor does it allege or establish that respondents have no other assets that could be seized or levied upon to satisfy a judgment. It is well settled that damages that are fully compensable by monetary relief, as petitioner's damages are here, do not constitute irreparable harm and are insufficient to support the granting of injunctive relief. *Credit Agricole Indosuez v. Rossiyskiy Kredit Bank*, 94 N.Y.2d 541, 544-46 (2000); *Kazantzis v. Cascade Funding RM1 Acquisitions Grantor Trust*, 217 A.D.3d 410, 412 (1st Dep't 2023); *Noyack Med. Partners, LLC v. OSK IX, LLC*, 206 A.D.3d 429, 430 (1st Dep't 2022); *Conlon Holdings*, 2024 WL 3659592, at *6; *AKF I*, 2023 WL 8570844, at *2. Petitioner "simply seeks to ensure that an arbitration award in its favor would be recoverable, which is not an adequate basis for prejudgment equitable relief." *AKF I*, 2023 WL 8570844, at *2 (citing *Credit Agricole*, 94 N.Y.2d at 548).

The cases on which petitioner relies are distinguishable. *H.I.G. Capital Management, Inc. v. Ligator*, 233 A.D.2d 270 (1st Dep't 1996), and *County Natwest Securities Corp. USA v. Jesup, Josephthal & Co., Inc.*, 180 A.D.2d 468 (1st Dep't 1992), both pre-date *Patrolmen's Benevolent Association*, 112

656005/2023 AKF Inc. d/b/a/ Fundkite v. Hog Wild Gulf Shores, LLC et al.
Mot. Seq. Nos. 1 & 2

Page 4 of 6

A.D.3d 116, and *Winter*, 49 A.D.3d 526, in which the First and Second Departments, respectively, required a petitioner under § 7502(c) to also demonstrate the three elements for injunctive relief pursuant to CPLR § 6301. *Qwil PBC v. Landow*, 180 A.D.3d 593 (1st Dep't 2020), is distinguishable on factual grounds and has been so distinguished in the same context by multiple other trial courts. *E.g.*, *AKF Inc. v. Wagers Trailer Sales, Inc.*, No. 651522/2024, 2024 WL 2175499, at * 1 (N.Y. Sup. Ct. N.Y. Cty. May 10, 2024); *AKF Inc. v. OBI Bus., L.L.C.*, No. 656339/2023, 2024 WL 1162764, at *1 (N.Y. Sup. Ct. N.Y. Cty. Mar. 12, 2024); *AKF, Inc. v. Mgmt. & Org. Support Servs., LLC*, No. 652737/2023, at *1 (N.Y. Sup. Ct. N.Y. Cty. June 30, 2023). Finally, the numerous signed OSCs from other proceedings in which trial courts granted temporary restraining orders do not indicate whether those courts ultimately granted preliminary injunctive relief and on what grounds and thus are not persuasive.

A preliminary injunction in aid of arbitration should not be granted here for the additional reason that petitioner has failed establish that this Court has jurisdiction over respondents' bank accounts. *See AKF I*, 2023 WL 8570844, at *2 (declining to attach respondent bank accounts because petitioner did not establish that respondents maintained accounts at a branch located within New York); *AKF II*, 2024 WL 2420140, at *1 ("In any event, the granting of a preliminary injunction would have been improper . . . [because] the court lacked jurisdiction over the out-of-state banks that AKF sought to restrain."). Here, petitioner's submissions demonstrate that all of the parties are Alabama residents. Further, the OSC demonstrates that Regions Bank was to be served in Alabama. None of petitioner's submissions demonstrates that Regions Bank conducts any relevant business in New York or that respondents maintain bank accounts at a New York branch of Regions Bank, or that respondents maintain accounts at any other banking institutions over which this Court could exercise jurisdiction.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that Motion Sequence 2 is **GRANTED**, and the Final Arbitration Award, dated April 24, 2024 (NYSCEF Doc. 30), issued in petitioner's favor in MCA Claim No. 45411/2023 is **CONFIRMED**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of petitioner upon said Final Arbitration Award in the amount of $128,164.70 plus interest at 9% per annum commencing from April 24, 2024, plus costs and disbursements; and it is further

656005/2023 AKF Inc. d/b/a/ Fundkite v. Hog Wild Gulf Shores, LLC et al.
Mot. Seq. Nos. 1 & 2

Page 5 of 6

[* 5]

5 of 6

**ORDERED AND ADJUDGED** that the Verified Petition and Motion Sequence 1, by which petitioner sought a preliminary injunction in aid of arbitration, are **DENIED**; and it is further

**ORDERED** that the temporary restraining order set forth in the signed OSC, dated December 12, 2023, and entered on December 13, 2023, is **VACATED** and **DISSOLVED**; and it is further

**ORDERED** that petitioner shall serve a copy of this Decision and Order upon respondents, Regions Bank, and the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[3] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequences 1 and 2 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

| August 13, 2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | **SHAHABUDDEEN ABID ALLY, A.J.S.C.** | | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| MOTION SEQ 1: | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| MOTION SEQ 2 | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | SUBMIT ORDER | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[3] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

656005/2023 AKF Inc. d/b/a/ **Fundkite v. Hog Wild Gulf Shores, LLC et al.**
Mot. Seq. Nos. 1 & 2

Page 6 of 6