■ STANLEY HENRY et al., Individually and on Behalf of All Other Shareholders of Suffolk Home Distribution, Inc., Appellants, v SUFFOLK HOME DISTRIBUTION, INC., Defendant, and ROBERT F. SMITH et al., Respondents. (And Another Title.)—In consolidated shareholders' derivative actions for, *inter alia,* injunctive relief, plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated April 8, 1985, which denied their motions for a preliminary injunction and for a stay of arbitration proceedings instituted by defendants against them.

Order affirmed, with one bill of costs.

The plaintiffs were not entitled to a preliminary injunction because they did not make the required showing of (1) the likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in their favor *(see, Grant Co. v Srogi,* 52 NY2d 496, 517), and relied upon bare conclusory allegations, which were insufficient to support a motion for a preliminary injunction *(Kaufman v International Business Machs. Corp.,* 97 AD2d 925, *affd* 61 NY2d 930).

Contrary to the plaintiffs' unsupported assertion, there is no public policy reason to prohibit the arbitration of the conduct of a fiduciary *(Harris v Shearson Hayden Stone,* 56 NY2d 627), and assuming, arguendo, that there was fraud in the inducement of the underlying agreement between the parties in this case, the plaintiffs have failed to demonstrate that the defendants were fraudulently induced to agree to an arbitration clause. Failure to show such fraud leaves the arbitration clause between the parties valid *(Matter of Weinrott [Carp],* 32 NY2d 190). We find the plaintiffs' other arguments unpersuasive. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.