MILBRANDT & CO., INC., Respondent, v JOHN W. GRIFFIN et al., Appellants. [766 NYS2d 588]—

In an action, inter alia, to recover damages for breach of contract, the defendants separately appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 24, 2003, which granted the plaintiff's motion for a preliminary injunction enjoining them from soliciting or accepting certain clients of the plaintiff. By decision and order on motion dated February 13, 2003, this Court stayed enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and as an exercise of discretion, with one bill of costs, and the motion is denied.

It is well established that a party is entitled to a preliminary injunction only where it demonstrates (1) a probability of success on the merits, (2) danger of irreparable harm in the absence of an injunction, and (3) a balance of the equities in its favor (*see W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]). The plaintiff failed to meet this burden.

Although noncompetition clauses will be enforced where necessary to protect, inter alia, an employer's confidential customer information and the goodwill of a customer generated and maintained at the employer's expense (*see IVI Envtl. v McGovern*, 269 AD2d 497 [2000]; *cf. BDO Seidman v Hirshberg*, 93 NY2d 382, 392 [1999]), in the instant case there are issues of fact regarding whether the defendants made use of such information, and whether the employee developed the goodwill without any support from his employer. While issues of fact alone will not justify denial of a motion for a preliminary injunction (*see* CPLR 6312 [c]), these issues subvert the plaintiff's likelihood of success on the merits in this case to such a degree that it cannot be said that the plaintiff established a clear right to relief (*see Peterson v Corbin*, 275 AD2d 35, 37 [2000]). Accordingly, the Supreme Court erred in granting the preliminary injunction (*see Peterson v Corbin, supra*). Ritter, J.P., Krausman, Schmidt and Crane, JJ., concur.