■ In the Matter of K.W.F. REALTY CORP. et al., Appellants, v JULIUS KAUFMAN et al., Respondents. [793 NYS2d 67]—

In a proceeding pursuant to CPLR 7502 (c) for injunctive relief in connection with an arbitrable controversy, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated August 12, 2003, as denied their motion to preliminarily enjoin the respondents from collecting rent from tenants in a building owned by petitioner K.W.F. Realty Corp., communicating with tenants of the building, and otherwise holding themselves out as shareholders or representatives of K.W.F. Realty Corp.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner Jeno Frieder is a shareholder of the petitioner K.W.F. Realty Corp. (hereinafter KWF), a domestic corporation which owns a building in Brooklyn containing many units. On or about September 28, 2002, Efraim Kaufman, a shareholder of KWF, passed away and his two sons, the respondents Julius Kaufman and Eli Kaufman, claimed that they succeeded to Efraim Kaufman's interest in KWF through his estate. The respondent Yaakov Moskowitz stated in an affirmation that he purchased 95% of the shares belonging to Julius Kaufman and Eli Kaufman. Disputes arose between Jeno Frieder and the respondents concerning the collection and assignment of rent from tenants in KWF's building, and the parties agreed to submit their disputes to the Rabbinical Court of the Central Rabbinical Congress of the United States and Canada. The respondents informed tenants of the building to make all their checks payable to KWF. On June 25, 2003, the petitioners filed a petition requesting preliminary injunctive relief to restrain the respondents from collecting rent, communicating with tenants, and otherwise holding themselves out as shareholders or representatives of KWF. On August 12, 2003, the Supreme Court denied the petitioners' motion for a preliminary injunction.

"A court may grant a preliminary injunction in connection with an arbitrable controversy 'only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief' (CPLR 7502 [c]) . . . In addition, to obtain relief under that section, a petitioner must make a showing of the traditional equitable criteria for the granting of temporary relief under CPLR article 63" (*Matter of Ottimo v Weatherly Sec. Corp.,* 306 AD2d 287 [2003]). "To

demonstrate entitlement to a preliminary injunction, the movant must demonstrate a probability of success on the merits, danger of irreparable harm in the absence of an injunction, and a balance of the equities in favor of granting the injunction" (*Olabi v Mayfield*, 8 AD3d 459 [2004]; *see also* CPLR 6301). The petitioners did not demonstrate their entitlement to a preliminary injunction pursuant to CPLR 7502 (c) and CPLR 6301. The petitioners failed to prove that the current rental payments made out to KWF will render any award to which they may be entitled "ineffectual," and that they will be irreparably harmed.

The petitioners' remaining contentions are without merit. H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.