■ STEVEN R. SCHWEIZER, Appellant, v TOWN OF SMITHTOWN, Respondent. [798 NYS2d 99]—

In an action, inter alia, for a judgment declaring that chapter 221 of the Code of the Town of Smithtown is unconstitutional and void for vagueness, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Loughlin, J.), dated December 30, 2003, which denied his motion for a preliminary injunction enjoining the defendant from removing "garbage, rubbish and debris" from his property, and (2) stated portions of an order and judgment (one paper) of the same court dated March 31, 2004.

Ordered that the order dated December 30, 2003, is affirmed; and it is further,

Ordered that the order and judgment dated March 31, 2004, is affirmed insofar as appealed from, for reasons stated by Justice Loughlin in the Supreme Court; and it is further,

Ordered that one bill of costs is awarded to the respondent.

To be entitled to a preliminary injunction, a movant must establish (1) the likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see Hightower v Reid,* 5 AD3d 440 [2004]; *Evans-Freke v Showcase Contr. Corp.,* 3 AD3d 549 [2004]). The purpose of a preliminary injunction is to maintain the status quo pending determination of the action (*see Rattner & Assoc. v Sears, Roebuck & Co.,* 294 AD2d 346 [2002]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Ying Fung Moy v Hohi Umeki,* 10 AD3d 604 [2004]). The

plaintiff failed to demonstrate a clear right to relief under this standard (*see Evans-Freke v Showcase Contr. Corp., supra*).

Contrary to the plaintiff's contentions, he did not demonstrate a likelihood of success on the merits of his claim of constitutional vagueness. The plaintiff's unsworn and largely irrelevant doctors' notes failed to prove irreparable harm. Finally, the equities do not favor a homeowner operating what amounts to a junkyard in a residential neighborhood. Accordingly, the Supreme Court correctly denied the plaintiff's motion for a preliminary injunction. Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.