■ BETTY MATOS, Respondent-Appellant, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent. [801 NYS2d 610]—

In an action, inter alia, for injunctive relief, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated June 25, 2004, as granted that branch of the plaintiff's motion which was for preliminary mandatory injunctive relief to the extent of directing it to monitor the speed of express buses at a certain location, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was for certain preliminary mandatory injunctive relief against the defendants City of New York and New York City Transit Authority.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion which was for preliminary mandatory injunctive relief against the defendant New York City Transit Authority to the extent of directing it to monitor the speed of express buses at a certain location is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant New York City Transit Authority payable by the plaintiff.

To establish entitlement to a preliminary injunction, a movant must establish (1) a likelihood or probability of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of granting the injunction (*see Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862 [1990]; *Doe v Axelrod,* 73 NY2d 748, 750 [1988]; *W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]; *Milbrandt & Co. v Griffin,* 1 AD3d 327 [2003]; *Matter of Merscorp, Inc. v Romaine,* 295 AD2d 431, 432 [2002]; *Blueberries Gourmet, Inc. v Aris Realty Corp.,* 255 AD2d 348, 349 [1998]).

A mandatory injunction, which is used to compel the performance of an act (*see Matter of Wyckoff Hgts. Med. Ctr. v Rodriguez,* 191 Misc 2d 207, 208 [2002]), is an extraordinary and drastic remedy which is rarely granted and then only under unusual circumstances where such relief is essential to maintain the status quo pending trial of the action (*see Rosa Hair Stylists v Jaber Food Corp.,* 218 AD2d 793, 794 [1995]; *Times Square Stores Corp. v Bernice Realty Co.,* 107 AD2d 677, 682 [1985]).

Here, the plaintiff's allegations in support of the motion were conclusory and insufficient to establish entitlement to a preliminary mandatory injunction (*see L & J Roost, Ltd. v Department of Consumer Affairs of City of N.Y.,* 128 AD2d 677, 679 [1987]; *Henry v Suffolk Home Distrib.,* 118 AD2d 685 [1986]). The plaintiff's request for monetary damages undercut her claim of irreparable injury (*see Neos v Lacey,* 291 AD2d 434, 435 [2002]; *White Bay Enters., Ltd. v Newsday,* 258 AD2d 520, 521 [1999]; *Price Paper & Twine Co. v Miller,* 182 AD2d 748, 750 [1992]). Therefore, the Supreme Court properly denied that branch of the plaintiff's motion which was for certain preliminary mandatory injunctive relief against the defendants City of New York and New York City Transit Authority (hereinafter the NYCTA). However, the Supreme Court's grant of certain other preliminary mandatory injunctive relief against the NYCTA was erroneous since the plaintiff failed to sustain her burden as to entitle her to such drastic and extraordinary relief. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.