■ Weinreb Management, LLC, et al., Appellants, v KBD Management, Inc., Respondent. [802 NYS2d 623]—

In an action, inter alia, to enjoin the enforcement of a judgment of the Supreme Court, Rockland County, dated January 12, 2004, in an action entitled KBD Mgt. v Weinreb Mgt. under index No. 3987/03, for a judgment declaring the rights and obligations of the parties under a stipulation of settlement, and to recover damages for breach of the stipulation of settlement,

the plaintiffs appeal from an order of the same court (Weiner, J.), dated August 2, 2004, which denied their motion for a preliminary injunction, inter alia, enjoining the defendant from enforcing the judgment, pending the resolution of the instant litigation.

Ordered that the order is affirmed, with costs.

In order to prevail upon a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, that (1) there is a likelihood that the movant will succeed on the merits of the action, (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) the balance of equities is in favor of the movant (*see* CPLR 6301; *Aetna Ins. Co. v Capasso,* 75 NY2d 860 [1990]; *W.T. Grant Co. v Srogi,* 52 NY2d 496 [1981]). The purpose of a preliminary injunction is to maintain the status quo pending determination of the action (*see Schweizer v Town of Smithtown,* 19 AD3d 682 [2005]; *Rattner & Assoc. v Sears, Roebuck & Co.,* 294 AD2d 346 [2002]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Ying Fung Moy v Hohi Umeki,* 10 AD3d 604 [2004]).

Under the facts of this case, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for a preliminary injunction. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.