■ GLOBAL OPTION LOGISTICS, LLC, et al., Respondents, v CHOICE GLOBAL OPTIONS, INC., et al., Appellants. [828 NYS2d 900]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 18, 2006, as denied their motion to preliminarily enjoin the plaintiffs from contacting the defendants' customers.

Ordered that the order is affirmed insofar as appealed from, with costs.

For a brief period of time, the plaintiffs and the defendants enjoyed a business relationship involving the performance of certain shipping services by the plaintiffs. The precise nature of the legal relationship among the parties, the identity of the client or clients for whom the plaintiffs rendered these services, and the value of the services in question, are all sharply disputed issues.

The plaintiffs commenced this action against the defendants asserting nine causes of action, including breach of various contracts, breach of fiduciary duty, tortious interference with contractual relations, fraud, and conversion. The defendants responded by asserting, inter alia, a counterclaim for a permanent injunction precluding the plaintiffs from contacting the defendants' customers "in any manner." Thereafter, the defendants moved for preliminary injunctive relief in connection with their counterclaim. The court denied the motion. We affirm.

In order to obtain preliminary injunctive relief, a movant must establish "(1) a likelihood of success on the merits, (2) irreparable harm if the injunction is denied, and (3) a balance of the equities in favor of granting the injunction" (*Evans-Freke v Showcase Contr. Corp.*, 3 AD3d 549, 549 [2004]; *see W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Petervary v Bubnis*, 30 AD3d 498 [2006]). On this record, the Supreme Court provi-

dently exercised its discretion in determining that the defendants failed to establish a clear right to relief under the foregoing standard (*see Schweizer v Town of Smithtown*, 19 AD3d 682 [2005]; *Evans-Freke v Showcase Contr. Corp., supra*). Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.