■ In the Matter of ADVANCED DIGITAL SECURITY SOLUTIONS, INC., Doing Business as SAMSUNG 360°, Appellant, v SAMSUNG TECHWIN CO., LTD., Respondent. [862 NYS2d 551]—

In a proceeding pursuant to CPLR 7502 (c) for injunctive relief in connection with an arbitrable controversy, the petitioner

appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated February 14, 2008, which denied its motion for a preliminary injunction enjoining the respondent, inter alia, from taking any further action to terminate the parties' exclusive distributorship agreement.

Ordered that the order is affirmed, with costs.

As the respondent correctly contends, a party seeking relief under CPLR 7502 (c) "must also make a showing of the traditional equitable criteria for the granting of temporary relief under CPLR article 63" (*Winter v Brown*, 49 AD3d 526, 529 [2008]; *see Matter of K.W.F. Realty Corp. v Kaufman*, 16 AD3d 688, 689 [2005]; *Matter of Ottimo v Weatherly Sec. Corp.*, 306 AD2d 287, 287 [2003]). To demonstrate entitlement to a preliminary injunction under CPLR 6301, the movant must demonstrate a probability of success on the merits, the danger of irreparable harm in the absence of an injunction, and a balance of the equities in favor of granting the injunction (*see Matter of K.W.F. Realty Corp. v Kaufman*, 16 AD3d at 689-690; *Olabi v Mayfield*, 8 AD3d 459, 459 [2004]).

While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that "subvert the plaintiff's likelihood of success on the merits . . . to such a degree that it cannot be said that the plaintiff established a clear right to relief" (*Milbrandt & Co. v Griffin*, 1 AD3d 327, 328 [2003]; *see County of Westchester v United Water New Rochelle*, 32 AD3d 979, 980 [2006]). Here, the facts are in such sharp dispute that it cannot be said that the petitioner established a clear right to preliminary injunctive relief (*see Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison*, 22 AD3d 587, 590 [2005]; *Sinensky v Rokowsky*, 22 AD3d 563, 565 [2005]; *Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [1998]). Accordingly, the Supreme Court did not err in denying the petitioner's motion. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.