■ EAST COAST DRILLING, INC., Respondent, v TOTAL STRUCTURE ENTERPRISE, INC., et al., Appellants. [964 NYS2d 238]—

In an action, inter alia, to permanently enjoin the defendants from, in effect, taking or attempting to take heavy construction equipment that is currently in the plaintiff's possession, the defendants appeal from an order of the Supreme Court, Kings County (Pfau, J.), dated July 26, 2012, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for a preliminary injunction is denied.

The plaintiff and the defendants disagree as to which of them is the owner of a large construction excavator which is currently in the plaintiff's possession and which the defendants seek to recover. The plaintiff commenced this action, inter alia, to permanently enjoin the defendants from, in effect, taking or attempting to take possession of the excavator, and sought preliminary injunctive relief in that regard.

In order to obtain a preliminary injunction, the movant must present clear and convincing evidence establishing (1) a likelihood of success on the merits, (2) irreparable harm in the absence of preliminary injunctive relief, and (3) a balancing of the equities in favor of the movant (*see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Yedlin v Lieberman*, 102 AD3d 769, 769-770 [2013]; *Lombard v Station Sq. Inn Apts. Corp.*, 94 AD3d 717, 718 [2012]). Here, the plaintiff failed to demonstrate a likelihood of success on the merits, since the evidence submitted by the defendants on the motion suggested that they may have a superior right to ownership of the excavator. Moreover, the plaintiff made no allegations that it would suffer irreparable injury in the absence of a preliminary injunction, nor did it establish a balancing of the equities in its favor. Accordingly, the Supreme Court improperly granted the plaintiff's motion for preliminary injunctive relief (*see e.g. Board of Mgrs. of the Britton Condominium v C.H.P.Y. Realty Assoc.*, 101 AD3d 917, 919 [2012]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.