R&G Brenner Income Tax Consultants v Fonts (2022 NY Slip Op 04039)

R&G Brenner Income Tax Consultants v Fonts

2022 NY Slip Op 04039

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.

2019-05036
 (Index No. 600692/19)

[*1]R & G Brenner Income Tax Consultants, respondent,
v
Mary Fonts, appellant. Maurice D. Rodrigues, Valley Stream, NY, for appellant.

Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Kenneth A. Novikoff, and J'Naia L. Boyd of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered March 12, 2019. The order granted the plaintiff's motion for a preliminary injunction.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for a preliminary injunction is denied.
In 2019, the plaintiff commenced this action against the defendant, its former employee, to recover damages for breach of contract. The plaintiff alleged, inter alia, that in 2016, the parties entered into three agreements: a purchase agreement whereby the plaintiff purchased the defendant's tax preparation business, including her client list; an agreement whereby the plaintiff employed the defendant as a tax preparer; and a confidentiality, nonsolicit, and noncompete agreement which, inter alia, contained restrictive covenants that, among other things, prohibited the defendant from soliciting the plaintiff's clients. The defendant filed an answer and counterclaims, and alleged, inter alia, that she had not sold her client list to the plaintiff and that the plaintiff had breached the agreements with her. In an order entered March 12, 2019, the Supreme Court granted the plaintiff's motion for a preliminary injunction, and, among other things, ordered the defendant to vacate her office. The defendant appeals.
"'Preliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts . . . [.] [T]he burden of showing an undisputed right rests upon the movant'" (Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 926, quoting Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199 [internal quotation marks omitted]). To obtain a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction" (Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 927 [internal quotation marks omitted]). The purpose of a preliminary injunction is to maintain the status quo pending [*2]determination of the action (see Schweizer v Town of Smithtown, 19 AD3d 682, 682). "While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that 'subvert the plaintiff's likelihood of success on the merits . . . to such a degree that it cannot be said that the plaintiff established a clear right to relief'" (Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co. Ltd., 53 AD3d 612, 613, quoting Milbrandt & Co. v Griffin, 1 AD3d 327, 328).
Here, the Supreme Court should have denied the plaintiff's motion for a preliminary injunction, as the plaintiff failed to demonstrate a clear right to relief and, thus, did not demonstrate a likelihood of success on the merits. "'[A] restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee'" (BDO Seidman v Hirshberg, 93 NY2d 382, 389, quoting Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307). An employer's interests justifying a restrictive covenant are limited "to the protection against misappropriation of the employer's trade secrets or of confidential customer lists, or protection from competition by a former employee whose services are unique or extraordinary" (BDO Seidman v Hirshberg, 93 NY2d at 389; see Reed, Roberts Assoc. v Strauman, 40 NY2d at 308). Here, there are issues of fact as to what the parties agreed to, including whether the plaintiff purchased the rights to the defendant's clients pursuant to the parties' agreements and whether the plaintiff breached its own obligations pursuant to those agreements. Since these issues of fact exist, the plaintiff did not show a likelihood of success on the merits and, thus, failed to establish a clear right to preliminary injunctive relief (see Milbrandt & Co. v Griffin, 1 AD3d at 328).
The plaintiff also failed to demonstrate that it would suffer irreparable injury in the absence of a preliminary injunction, nor did it establish a balancing of the equities in its favor (see Data Sys. Computer Ctr. v Tempesta, 171 AD2d 724, 726). Indeed, the preliminary injunction required the defendant to vacate an office that the defendant occupied prior to the parties' purported agreements—relief that the plaintiff did not seek in its motion.
The defendant's remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the plaintiff's motion for a preliminary injunction.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court