Kenner v Balkany (2023 NY Slip Op 04759)

Kenner v Balkany

2023 NY Slip Op 04759

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-09500
 (Index No. 509594/20)

[*1]David Kenner, etc., et al., respondents, 
v
Milton Balkany, etc., et al., appellants, et al., defendant.

Berg & David, PLLC, Inwood, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the defendants Milton Balkany and Sara Balkany appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 4, 2020. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for a preliminary injunction (1) enjoining those defendants from "making or allowing, any withdrawals, deposits, transfers, assignments, or encumbrances, or any other actions, that would alter the balances of any bank account held in the name of Bais Yaakov of Brooklyn, under [those defendants'] control," and (2) enjoining those defendants from "acting as members, board members, employees, or agents, of Bais Yaakov of Brooklyn, including enjoining and restraining them from representing to anyone that they are members, board members, or employees or agents [thereof], and enjoining them . . . from attending, or calling board meetings, signing checks, or papers, entering into agreements, voting, hiring or firing employees, appointing or removing members, raising money, and from any other action, on behalf of Bais Yaakov of Brooklyn."
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the plaintiffs' motion which were for a preliminary injunction (1) enjoining the defendants Milton Balkany and Sara Balkany from "making or allowing any withdrawals, deposits, transfers, assignments, or encumbrances, or any other actions, that would alter the balances of any bank account held in the name of Bais Yaakov of Brooklyn, under [those defendants'] control," and (2) enjoining those defendants from "acting as members, board members, employees, or agents, of Bais Yaakov of Brooklyn, including enjoining and restraining them from representing to anyone that they are members, board members, or employees or agents [thereof], and enjoining them . . . from attending, or calling board meetings, signing checks, or papers, entering into agreements, voting, hiring or firing employees, appointing or removing members, raising money, and from any other action, on behalf of Bais Yaakov of Brooklyn" are denied.
In June 2020, the plaintiffs, David Kenner and Jehuda Herskovits, individually and as alleged directors of Bais Yaakov of Brooklyn (hereinafter Bais Yaakov), commenced this action, inter alia, for injunctive relief. The plaintiffs alleged, among other things, that the defendants Milton Balkany and Sara Balkany (hereinafter together the defendants) had been improperly making personal use of funds belonging to Bais Yaakov, an entity incorporated pursuant to Article 10 of the Religious Corporations Law to operate as a religious school. The plaintiffs further alleged that [*2]Milton Balkany, a former member of the board of directors of Bais Yaakov, was improperly holding himself out as President of Bais Yaakov, and that the defendants refused to acknowledge that Kenner had been appointed to the board of directors of Bais Yaakov.
Thereafter, the plaintiffs moved, inter alia, for a preliminary injunction (1) enjoining the defendants from "making or allowing, any withdrawals, deposits, transfers, assignments, or encumbrances, or any other actions, that would alter the balances of any bank account held in the name of Bais Yaakov . . . , under [the defendants'] control," and (2) enjoining the defendants from "acting as members, board members, employees, or agents, of Bais Yaakov . . . , including enjoining and restraining them from representing to anyone that they are members, board members, or employees or agents [thereof], and enjoining them . . . from attending, or calling board meetings, signing checks, or papers, entering into agreements, voting, hiring or firing employees, appointing or removing members, raising money, and from any other action, on behalf of Bais Yaakov." In an order dated November 4, 2020, the Supreme Court, among other things, granted those branches of the plaintiffs' motion. The defendants appeal.
"The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor'" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840). "While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that 'subvert the plaintiff's likelihood of success on the merits . . . to such a degree that it cannot be said that the plaintiff established a clear right to relief'" (Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd., 53 AD3d 612, 613, quoting Milbrandt & Co. v Griffin, 1 AD3d 327, 328; see R & G Brenner Income Tax Consultants v Fonts, 206 AD3d 943, 944). Here, since the facts are in sharp dispute as to who are the actual board members of Bais Yaakov, the plaintiffs failed to demonstrated a likelihood of success on the merits (see Brach v Harmony Servs., Inc., 93 AD3d 748, 749).
In light of our determination, we need not reach the defendants' remaining contentions.
Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the plaintiffs' motion which were for a preliminary injunction (1) enjoining the defendants from "making or allowing, any withdrawals, deposits, transfers, assignments, or encumbrances, or any other actions, that would alter the balances of any bank account held in the name of Bais Yaakov . . . , under [the defendants'] control," and (2) enjoining the defendants from "acting as members, board members, employees, or agents, of Bais Yaakov . . . , including enjoining and restraining them from representing to anyone that they are members, board members, or employees or agents [thereof], and enjoining them . . . from attending, or calling board meetings, signing checks, or papers, entering into agreements, voting, hiring or firing employees, appointing or removing members, raising money, and from any other action, on behalf of Bais Yaakov."
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court