Superb 196 Vt. LLC v Nash (2024 NY Slip Op 50708(U))

[*1]

Superb 196 Vt. LLC v Nash

2024 NY Slip Op 50708(U)

Decided on June 11, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2024
Supreme Court, Kings County

Superb 196 Vermont LLC and Avery Headley, Plaintiff,

against
Jewel Nash, Arion Fund, LLC, Asset Based Capital, Inc. 
 and Anthonette Neptune, Defendants.

Index No. 535262/2023

Gil Amrani, Manhattan, for Plaintiffs.
Law Office of Joann Peraino, Garden City (Nicholas Buckshaw of counsel), for Defendant Jewel Nash.
Solomon & Siris, P.C., Garden City (Stuart Siris of counsel), for Defendant Asset Based Capital, Inc.
Anthonette Neptune, Defendant pro se.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: 35-40 (filed by Plaintiffs on Feb. 14, 2024); 42 (filed by the Court on April 4, 2024); 43-47 (filed by Plaintiffs on April 9, 2024); 48 (filed by Plaintiffs on April 10, 2024); 49 (filed by Defendant Asset Based Capital, Inc. on May 3, 2024); 50-55 (filed by Defendant Jewel Nash) on June 7, 2024); 56-57 (filed by Plaintiffs on June 7, 2024); 58-68 (filed by Plaintiffs on June 9, 2024); 71 (filed by Defendant Jewel Nash on June 10, 2024).
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.[FN1]

This is an action commenced by Plaintiff Superb 196 Vermont LLC, a titleholder, and Plaintiff Avery Headley, purportedly a member of Superb 196 Vermont LLC, alleging that various Defendants have engaged in wrongdoing in an attempt to deprive them of the use and ownership of the property located at 196 Vermont Street, a two-family private house in Brooklyn, New York (County of Kings, State of New York), otherwise known on the tax map of Brooklyn as Block 3688, Lot 29. Superb 196 Vermont LLC acquired title to the property by deed dated March 10, 2022. The purchase price for the property was $650,000, of which $550,000 was financed through a purchase money mortgage from Defendant Arion Fund, LLC. On May 25, 2023, Defendant Jewel Nash recorded or caused to be recorded a restrictive covenant dated May 23, 2023 on the property. The purchase money mortgage was assigned by Defendant Arion Fund, LLC to Defendant Asset Based Capital, Inc. on or about December 15, 2023. On January 12, 2024, there was recorded a document denominated as a consolidation, modification, spreader and extension agreement (loaning an additional $80,000 to Superb 196 Vermont LLC) and the signatory on it on behalf of Superb 196 Vermont Street LLC was that of Defendant Anthonette Neptune, who is alleged by Plaintiffs to be Jewel Nash's sister. (See generally NYSCEF Doc Nos. 40, supp complaint; 37, Headley aff; 38, Amrani aff.)
Underlying the dispute which is the subject of the instant action is the issue of who are the members of Superb 196 Vermont LLC and, therefore, which persons own the 196 Vermont Street property through the LLC. Plaintiff Headley claims that he is a managing member with a 95% membership interest in the LLC, and that Andre Murray, a non-party, is a member with a 5% interest in the property; that Defendant Nash never had a membership interest in Superb 196 Vermont LLC; that there are no contracts entered into between Superb 196 Vermont LLC and Nash; that no member of Superb 196 Vermont LLC authorized Nash to record the restrictive covenant; that the restrictive covenant created a cloud on the title to the property; that its existence prevented a major refinancing of the property or its sale; that Arion Fund, LLC was complicit in Nash's conduct; that Arion Fund, LLC and Nash colluded to deprive Superb 196 Vermont LLC of its legal rights and to steal the property from the latter; and that Anthonette Neptune never had any membership rights in Superb 196 Vermont LLC or authorization to act on its behalf. Plaintiffs' supplemental complaint alleged three causes of action: assignee's liability, fraud, and Real Property Law § 329 nullification. (See id.)
Defendant Nash claims that after starting a cleaning business in 2014, she began to invest in real estate and businesses; that Plaintiff Headley approached her as a consultant in real estate; that he helped her set up Superb 196 Vermont LLC; that he was her assistant, helping with the clerical work; that she had used the word "Superb" as the first word for other businesses, including Superb Investments LLC and Superb Concept Cleaning; that Headley filed the articles of organization for Superb 196 Vermont LLC on her behalf and at her direction; that he never owned 95% of it; that she is the majority member of Superb 196 Vermont LLC; that a July 20, 2023 Internal Revenue Service notice of an employer identification number was sent to her at her address in Wheatley Heights, NY (a July 20, 2023 IRS document bears this out, but is countered by a January 26, 2022 IRS document submitted by Plaintiffs which was addressed to Avery Headley); that Headley was the registered agent and filer of the entity because she needed help; that she provided the down payment to purchase the property at 196 Vermont Street; that [*2]after she developed breast cancer Headley began harassing and taking advantage of her; that he locked everyone out of the property; that the property is not producing any income; that she is making the monthly mortgage payments to Asset Based Capital, Inc. out of her personal funds without assistance from Headley; and that the action should be dismissed. (See generally NYSCEF Doc Nos. 50, Nash aff; 71, Buckshaw aff) An appended transcript of a Family Court support proceeding on March 28, 2023 between Headley and a Chantell Harris, believed to be the mother of a child of Headley, contains testimony concerning his property interests, including testimony by Headley that he has 5% "sweat equity" in "196 Vermont" (NYSCEF Doc NO. 55, tr at 7). He also testified that he did not start any businesses over the then-last two years (see id. at 4-5).
At oral argument on the motion on June 10, 2024, Plaintiffs' counsel conceded that the Family Court hearing transcript reflected Avery Headley's testimony that he owned 5% of the LLC, but that he probably gave such testimony to obtain a more favorable outcome from the court; counsel still maintained that Headley actually owned 95%.
An Internet search conducted by this Court indicated that a Jewel Nash was listed in connection with Superb Concept Cleaning Inc. (see Long Island The African American Chamber of Commerce, Welcome New Chamber Members, https://liaacc.org/new-members/No.!biz/id/633447bac4cd7e17bb43b182 [last accessed June 10, 2024]). This lends some credence to her claim that she started Superb 196 Vermont LLC.
The instant motion by Plaintiffs, brought on by order to show cause, seeks the following relief:
a. Pursuant to Article 63 of the CPLR, preliminarily enjoining and restraining during the pendency of this action Defendant, ARION FUND, LLC, and Defendant, ASSET BASED CAPITAL, INC., from foreclosing and/or enforcing any of their security instruments, including a pledge agreement entered by Plaintiff, SUPERB 196 VERMONT LLC, with respect to certain real property owned as of record by Plaintiff, SUPERB 196 VERMONT LLC, specifically, a residential property at a location known as 196 Vermont Street, Brooklyn, New York, in the County of Kings, having a tax map designation of Block: 3688, Lot: 29, (hereinafter referred to as the "Property"), upon the grounds that Plaintiffs will suffer irreparable injury and/or upon the grounds that the Defendant acts in violation of Plaintiffs' rights and judgment in this action will be rendered ineffectual if Defendant, ARION FUND, LLC, and Defendant, ASSET BASED CAPITAL, INC., are not so enjoined and restrained; and
b. Pursuant to Article 63 of the CPLR, preliminarily enjoining and restraining during the pendency of this action Defendant, JEWEL NASH, and Defendant, ANTHONETTE NEPTUNE, from entering into any transaction, conveyance, contract or written agreement with Defendant, ARION FUND, LLC, and/or with Defendant, ASSET BASED CAPITAL, INC., with respect to the Property, and declaring null and void any such transaction, conveyance, contract or written agreement previously executed by and between Defendant JEWEL NASH, and/or Defendant, ANTHONETTE NEPTUNE, and Defendant, ARION FUND, LLC,, and/or Defendant, ASSET BASED CAPITAL, INC., with respect to the Property, upon the grounds that Plaintiffs will suffer irreparable injury and/or upon the grounds that the Defendants act in violation of Plaintiffs' rights and judgment in this action will be rendered ineffectual if Defendants, JEWEL NASH and ANTHONETTE NEPTUNE, are not so enjoined and restrained; and
c. Pursuant to Article 63 of the CPLR and Real Property Law § 329, an affirmative injunction, declaring a certain instrument, specifically, a Restrictive Covenant, dated May 23, 2023, and recorded on May 25, 2023, in the Office of the City Register of the City of New York, under CRFN: 2023000129639, void and invalid as being void ab initio, and removing same of record, upon the grounds that said instrument was illegally, fraudulently and with criminal intent recorded, or caused to be recorded, by Defendant, JEWEL NASH; and
d. Pursuant to Article 63 of the CPLR and Real Property Law § 329, an affirmative injunction, declaring a certain instrument, specifically, an Agreement, denominated: Consolidation, Modification, Spreader, and Extension Agreement, dated December 18, 2023, and recorded on January 12, 2024, in the Office of the City Register of the City of New York, under CRFN: 2024000010506, void and invalid as being void ab initio, and removing same of record, upon the grounds that said instrument was illegally, fraudulently and with criminal intent recorded, or caused to be recorded, by Defendants ANTHONETTE NEPTUNE and ASSET BASED CAPITAL, INC.
. . .
For such other or further relief as this Court may deem just and proper.
To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860 [1990]; R&G Brenner Income Tax Consultants v Fonts, 206 AD3d 943 [2d Dept 2022]). The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion (see Matter of Boening v Nassau County Dept. of Assessment, 200 AD3d 973 [2d Dept 2021]). Absent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment (see Shake Shack Fulton Street Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924 [2d Dept 2019]).
Preliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established, the burden of showing entitlement thereto resting upon the movant (see R&G Brenner Income Tax Consultants v Fonts, 206 AD3d 943). The purpose of a preliminary injunction is to maintain the status quo pending determination of the action (see Schweizer v Town of Smithtown, 19 AD3d 682 [2d Dept 2005]). While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that subvert the plaintiff's likelihood of success on the merits to such a degree that it cannot be said that the plaintiff established a clear right to relief (see Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co. Ltd., 53 AD3d 612 [2d Dept 2008]). With respect to a mandatory injunction, which is used to compel the performance of an act, due to it being an extraordinary and drastic remedy, it is rarely granted and then only under unusual circumstances where such relief is essential to maintain the status quo pending trial of the action" (see Matos v City of New York, 21 AD3d 936 [2d Dept 2005]).
In terms of a dispute over ownership of real property, any factual question raised as to its true ownership are not per se a sufficient reason to deny a motion for a preliminary injunction (see 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702 [2d Dept 2012]; S.P.Q.R. Co., Inc. v United Rockland Stairs, 57 AD3d 642 [2d Dept 2008]). Nonetheless this Court finds that the motion should not be granted, as there are issues that subvert the Plaintiffs' [*3]likelihood of success on the merits to such a degree that it cannot be said that Plaintiffs established a clear right to relief (see Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co. Ltd., 53 AD3d 612).
Clearly, this action presents a dispute as to who possesses membership and control over Superb 196 Vermont LLC, which is the titleholder to the 195 Vermont Street property. Since there is a stark dispute over the issue—with both Avery Headley and Jewel Nash presenting competing documentary evidence—this Court should avoid granting any relief which, in effect, provides Plaintiffs with the ultimate relief they seek, which is to nullify the recordation of any restrictions on alienation of the property and any mortgages which Plaintiffs claim were unauthorized (see Shake Shack Fulton Street Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924). This would be especially so if the injunctive relief were in the form of a mandatory directive that voided the aforementioned restrictive covenant recorded by Jewel Nash and the refinance mortgage signed by Anthonette Neptune (see Matos v City of New York, 21 AD3d 936).
Insofar as the other injunctive relief sought by Plaintiffs is concerned—enjoining Defendants Jewel Nash and Anthonette Neptune from entering into any transaction, conveyance, contract or written agreement alienating the property and enjoining Asset Based Capital, Inc. and Arion Fund, LLC from foreclosing on the property—this implicates the issue of who controls Superb 196 Vermont LLC and has the right to make decisions on its behalf.[FN2]

In assessing whether Plaintiffs have shown a likelihood of success on the merits on that issue, this Court cannot blind itself to the contradiction between Avery Headley's position in this lawsuit that he owns 95% of the LLC and his March 28, 2023 in-court testimony in the Family Court proceeding that he owned 5%. This is not a "small discrepancy," as Plaintiffs' counsel described it during oral argument. Further, Mr. Headley testified also in Family Court that he did not start any businesses over the then-last two years, which would encompass a period of time starting in March 2021, which is inconsistent with the fact that on March 10, 2022, Superb 196 Vermont LLC acquired title to the subject property. Obviously the LLC was formed to acquire title to the property. The IRS document assigning an employer identification number to Superb 196 Vermont LLC, addressed to Avery Headley, was dated January 26, 2022, well within the two-year period preceding the Family Court testimony. Thus, Plaintiff's papers submitted on this motion are in contradiction with his Family Court testimony that he did not start any businesses in the two-year period prior to testifying. These contradictions militate against finding that Plaintiffs, especially Headley, showed a likelihood of success on the merits of his claim of being in control of the LLC (see Gama Aviation Inc. v Sandton Capital Partners, L.P., 93 AD3d 570 [1st Dept 2012] [contradiction between affidavits and emails]). Taking him at his word, as per his Family Court testimony, he did not start Superb 196 Vermont LLC and he owned only 5% of it; that would leave Jewel Nash as the predominant owner. Nonetheless the Court need not determine this ultimate issue on this motion for a preliminary injunction; only whether the requisite elements for granting it were established by Plaintiffs, which this Court finds were not.
Defendant Jewel Nash has made out a strong claim that she is the controlling member of [*4]the LLC (see East Coast Drilling, Inc. v Total Structure Enterprise, Inc., 106 AD3d 688 [2d Dept 2013] [evidence submitted by defendants suggested they may have a superior right to ownership]). She maintained that she paid the down payment to purchase the property at 196 Vermont Street and that she is making the current mortgage's requisite monthly payments. She provided an IRS document addressed to her, and this Court verified that she is associated with at least one other entity starting with the word "Superb," which confirms her claims regarding starting businesses with that word.
Plaintiffs' counsel characterized his client Headley's conflicting Family Court testimony regarding the ownership percentage—he testified it was 5%, which contradicts his claims in this case that it is 95%—as "It's absolutely contradictory."[FN3]
Indeed it is and, as a result, it is this [*5]Court's determination that Plaintiffs have not met their burden of having to show a clear right to a preliminary injunction (see R&G Brenner Income Tax Consultants v Fonts, 206 AD3d 943). As has been noted, "In view of the conflicting evidence in the record, it is impossible to ascertain which position the balance of equities favors. . . . Accordingly, their application for preliminary injunctive relief was properly denied (see Niagara Recycling v Town of Niagara, 83 AD2d 316; Gambar Enterprises v Kelly Servs., 69 AD2d 297)." (Delta Franchising v PCP Transmissions, 107 AD2d 734 [2d Dept 1985].)
Moreover, as to the mortgage held by Defendant Asset Based Capital, Inc., the validity of the original $550,000 purchase money mortgage it acquired by assignment from Arion Fund, LLC cannot be viewed as having been entered into unauthorizedly: Plaintiffs do not dispute that Superb 196 Vermont LLC entered into the purchase money mortgage. Plaintiffs' real quarrel is with the additional $80,000 loaned by Asset Based Capital, LLC upon Anthonette Neptune's signing of the consolidation, modification, spreader and extension document. However, as was revealed at oral argument, since the payments are currently being made by Jewel Nash (an assertion not contested by Plaintiffs), there is no likelihood of Asset Based Capital, LLC's foreclosure on the 196 Vermont Street property, and therefore, no impending harm to Superb 196 Vermont LLC's status as the property owner.
Any other issues of irreparable injury resulting from Jewel Nash's restrictive covenant are rendered academic in light of this Court's findings that Plaintiffs failed to establish a likelihood of success on the merits and a balancing of the equities in their favor with respect to Avery Headley's claim to having a controlling interest in Superb 196 Vermont LLC.
Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for a preliminary injunction is DENIED in its entirety.
Dated: June 11, 2024
HON. AARON D. MASLOW
Justice of the Supreme Court of the
State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Arion Fund, LLC cannot foreclose because it assigned the mortgage it held to Asset Based Capital, Inc.

Footnote 3:The colloquy with Plaintiffs' counsel during oral argument on June 10, 2024 from which this statement derives was as follows (and the portion of the Family Court testimony quoted therein by the Court appeared in NYSCEF Doc No. 55, at page 7, submitted by Defendant Nash):
 
THE COURT: Okay. I would like to ask you another question. Let me just look. I want to ask you these before I forget them. I'm going to hear you out, whatever you have to say in support of your application.
 
Okay. So I assume you've read what Ms. Nash submitted. And I want to ask you if this transcript from a Family Court proceeding from March 28th, 2023, is also a forgery, in which on page seven, Mr. Headley is asked about Superb 196 Vermont, LLC.
 
"QUESTION: Okay. So is that the same that you did for Superb 196 Vermont, LLC?
 
ANSWER: That's different. I live here.
QUESTION: Okay. Do you own this property?
ANSWER: So here in New York, I was a broker. They came to me. They needed help. I had the credit with the other people. So I have five percent in it of sweat equity in 196 Vermont. 
 
QUESTION: Who signed off on the mortgage for 196 Vermont, LLC?
 
ANSWER: Andre Murray and myself."
Is this transcript also a forgery?
MR. AMRAMI: No, your Honor.
THE COURT: So do you want to explain to the Court why Mr. Headley testified he only had five percent of it in sweat equity? Sweat equity meaning for the work he did. You know, that's usually what sweat equity means. You're being paid by getting a percentage of ownership; a small percentage. How do you explain that which contradicts
 
Mr. Headley's assertion in the papers that he owns—in the other papers that he owns 95 percent and Mr. Murray owns five percent?
 
MR. AMRAMI: Yeah. It's absolutely contradictory. It shows that he owns Superb 196, except that during a Family Court proceeding, probably, attempting to—you know, he can testify to it, but I have to assume to minimize his exposure to whatever payment he owes his wife. He was not truthful, I may surmise, during the Family Court proceeding. Because he did say 10 percent. It could have been a mistake. But still he—[emphasis added]
 
THE COURT: He said five percent.
MR. AMRAMI: Five percent.
THE COURT: Sweat equity.

MR. AMRAMI: Yeah. Still, he admitted to being an owner of the company. Except that the percentage is not what we show on the—
 
THE COURT: Five percent's a little different than 95.
MR. AMRAMI: It is. 
THE COURT: Just a little bit different.
MR. AMRAMI: But the only explanation I can offer is that it could have been a mistake or it could have been deliberately done to minimize his—
 
THE COURT: Yeah. I know. He was asked about other properties and the LLCs. I mean, Mr. Headley testified that he helps people; you know, these real estate investments. Okay. All right. I'm going to hear you now on your application for a preliminary injunction. This is your opportunity. Go ahead.
 
MR. AMRAMI: Other than this small discrepancy during the Family Court proceeding, I think the documents are fairly conclusive. [emphasis added]
 
THE COURT: I assure everybody here that I went through them. I spent several hours yesterday going through them.
 
MR. AMRAMI: I appreciate it.