Corporate Coffee Sys., LLC v R.U.G. Consulting, LLC (2025 NY Slip Op 00945)

Corporate Coffee Sys., LLC v R.U.G. Consulting, LLC

2025 NY Slip Op 00945

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2021-03692
 (Index No. 614489/20)

[*1]Corporate Coffee Systems, LLC, respondent,
v
R.U.G. Consulting, LLC, et al., appellants.

The Greenspan Law Group, P.C., Hauppauge, NY (Chester H. Greenspan of counsel), for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Michael A. H. Schoenberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered April 5, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a preliminary injunction.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was for a preliminary injunction is denied.
In 2017, the plaintiff entered into certain licensing and consulting agreements with the defendants. The consulting agreements contained restrictive covenants prohibiting the defendants from, among other things, engaging in any competitive business or soliciting the plaintiff's customers or employees for the duration of the agreements and for a period of time after the agreements terminated. In 2020, the plaintiff commenced this action against the defendants, inter alia, for injunctive relief and to recover damages for breach of contract. The plaintiff moved, among other things, pursuant to CPLR 6301 and 6311 for a preliminary injunction enjoining the defendants from, inter alia, participating in any competing business within 100 miles of the plaintiff's principal place of business. In an order entered April 5, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
Preliminary injunctive relief is a drastic remedy that will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers. The burden of showing an undisputed right rests upon the movant (see R & G Brenner Income Tax Consultants v Fonts, 206 AD3d 943, 944; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 926). "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301; W.T. Grant Co. v Srogi, 52 NY2d 496, 517). "While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that 'subvert the plaintiff's likelihood of success on the merits . . [*2]. to such a degree that it cannot be said that the plaintiff established a clear right to relief'" (Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd., 53 AD3d 612, 613, quoting Milbrandt & Co. v Griffin, 1 AD3d 327, 328).
Here, the plaintiff has not shown a likelihood of success on the merits, as the record reveals disputed and unresolved issues with regard to whether the plaintiff breached its own obligations pursuant to the consulting agreements (see R & G Brenner Income Tax Consultants v Fonts, 206 AD3d at 944). Because the plaintiff failed to show a clear right to relief, the Supreme Court should have denied that branch of the plaintiff's motion which was for a preliminary injunction (see Bilgrei v North Shore Tower Apts., Inc., 228 AD3d 814, 815; R & G Brenner Income Tax Consultants v Fonts, 206 AD3d at 945).
In reaching our determination, we have not considered material submitted or referenced in the parties' briefs that is dehors the record of this appeal (see CPLR 5526; Matter of Van Dunk v Orange-Ulster Bd. of Coop. Educ. Servs. [BOCES], 219 AD3d 1434, 1436; Navarro v Ortiz, 203 AD3d 834, 835; Matter of Vega v Vega, 120 AD3d 1427, 1428; Devellis v Lucci, 266 AD2d 180, 181).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court