11 Grace Lane, LLC v East Norwich Land Co., LLC

2026 NY Slip Op 02808

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

11 Grace Lane, LLC, appellant,

v

East Norwich Land Company, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-10486, (Index No. 606861/23)

Lara J. Genovesi, J.P.

William G. Ford

Lourdes M. Ventura

Susan Quirk, JJ.

Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Andrew C. Lang of counsel), for appellant.

Weber Law Group LLP, Melville, NY (Jason A. Stern of counsel), for respondents.

[*1]

DECISION & ORDER

In an action for injunctive relief and to recover damages for private nuisance, trespass, and negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Danielle M. Peterson, J.), entered May 15, 2024. The order, insofar as appealed from, denied the plaintiff's motion for a preliminary injunction.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In January 2023, the plaintiff purchased residential real property located at 11 Grace Lane in Oyster Bay. Directly adjoining the plaintiff's property is a property owned by the defendant East Norwich Land Company, LLC (hereinafter East Norwich). East Norwich leases this property to the defendant Pine Hollow CC, LLC (hereinafter the club), which operates, among other amenities, an 18-hole golf course and a driving range. The driving range is situated directly adjacent to the plaintiff's property and extends the full length of the property's western boundary line.

In April 2023, the plaintiff commenced this action for injunctive relief and to recover damages for private nuisance, trespass, and negligence. The plaintiff alleged that its property was subject to a daily bombardment of errant golf balls hit from the club's driving range and that the constant intrusion of golf balls constituted a trespass and created a danger to those on the property. Along with the filing of a summons and complaint, the plaintiff moved for a preliminary injunction enjoining the defendants from operating and using the club's driving range until the defendants took effective and ameliorative measures to stop or significantly reduce the number of errant golf balls intruding upon the plaintiff's property. In an order entered May 15, 2024, the Supreme Court, among other things, denied the plaintiff's motion for a preliminary injunction. The plaintiff appeals.

"Preliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant" (Bilgrei v North Shore Tower Apts., Inc., 228 AD3d 814, 814-815 [alteration and internal quotation marks omitted]). "A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor" [*2](Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d 839, 840 [internal quotation marks omitted]; see CPLR 6301; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 927). "'The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the court hearing the motion. Absent unusual or compelling circumstances, appellate courts are reluctant to disturb that determination'" (Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d at 840-841, quoting Benaim v S2 Corona, LLC, 214 AD3d 760, 761). "While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that subvert the plaintiff's likelihood of success on the merits . . . to such a degree that it cannot be said that the plaintiff established a clear right to relief" (Kenner v Balkany, 219 AD3d 1504, 1506 [internal quotation marks omitted]).

Here, the plaintiff's evidentiary submissions failed to show a likelihood of success on the merits, and the record reveals disputed and unresolved issues with regards to whether errant golf balls hit from the club's driving range constitute a trespass or create a danger to those on the property (see Bilgrei v North Shore Tower Apts., Inc., 228 AD3d at 815). The plaintiff also failed to demonstrate that irreparable injury would result in the absence of a preliminary injunction or that the balance of equities resolves in its favor (see R & G Brenner Income Tax Consultants v Fonts, 206 AD3d 943, 945). Because the plaintiff failed to show a clear right to relief, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction.

GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court